LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

SPENCER J. PAHLKE (State Bar #250914)
**ATTORNEYS FOR PLAINTIFF
ERIC OLSON**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC OLSON,<br><br>                 Plaintiff,<br><br>         v.<br><br>PENTAIR, INC.,<br><br>                 Defendant. | Case No. 17-685<br><br>**COMPLAINT FOR DAMAGES**<br>**[Personal Injury; Products Liability;**<br>**Negligence; Breach of Warranty]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Eric Olson complains of defendant and alleges as follows:

## INTRODUCTION

1.      On March 23, 2017, at or around 7:52 p.m., plaintiff Eric Olson was near his home water filtration system at his Nevada City, California residence. Defendant Pentair, Inc., designed, made, and sold the water filtration system. Without warning to plaintiff, the system, under high pressure, shot the plug from the tank and struck plaintiff's right eye. This resulted in injuries including a lacerated right eyelid, a ruptured and collapsed globe of the right eye, and blindness in his right eye.

## JURISDICTION AND VENUE

2.      The United States District Court has subject matter jurisdiction in this case. There is diversity of citizenship of the parties and plaintiff's damages exceed $75,000. See 28 U.S.C. § 1332.

3. The Court has personal jurisdiction in this case. The case arises out of and relates to defendant's contacts with the State of California.

4. The facts and circumstances of this matter arose in the City of Nevada City, California, in the County of Nevada. This matter is therefore properly filed before the United States District Court for the Eastern District of California sitting in the City of Sacramento. See L.R. 120(d).

## PARTIES

5. Plaintiff Eric Olson is, and at all relevant times was, a natural person and a citizen of the State of California.

6. Upon information and belief, defendant Pentair, Inc. is, and at all relevant times was, a Minnesota corporation, maintaining its principle place of business at 5500 Wayzata Blvd., Suite 600, Minneapolis, Minnesota 55416-1261, and engaged in the business of marketing and selling products to California residents and otherwise doing business in California. Defendant manufactures, distributes, and sells pressurized home water filtration systems, among other products.

## FACTUAL BACKGROUND

7. On March 23, 2017, at or around 7:52 p.m., plaintiff Eric Olson was in his Nevada City, California home. A "Structural" model high pressure water filter tank (the "Tank") was installed on the premises. On information and belief, plaintiff alleges that defendant was involved in the design, manufacturing, marketing, and distribution of the Tank. One component part of the pressurized Tank was a hard plastic plug (the "Plug"). Plaintiff was in the vicinity of the Tank when the Tank forcefully ejected the Plug that struck plaintiff in his right eye (the "Incident"). Plaintiff felt immediate pain and experienced loss of vision in his right eye. Plaintiff was taken to Sierra Nevada Memorial Hospital for emergency treatment. Plaintiff suffered from a lacerated right eyelid, a ruptured globe of the right eye, and blindness in his right eye. As a result of said injuries, plaintiff underwent a corneal transplant and surgery to repair his detached retina.

/ / / /

/ / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

## FIRST CAUSE OF ACTION
### [Strict Liability—Design Defect]

Plaintiff Eric Olson incorporates by reference each of the allegations set forth above and makes them part of this First Cause of Action.

8. At all relevant times, defendant was and still is today engaged in the business of designing, manufacturing, configuring, assembling, marketing, advertising, selling for consideration, and distributing home water filter tanks, accessories, and component parts—including the Plug, Tank, and related parts—in California.

9. Prior to March 23, 2017, defendant designed, manufactured, fabricated, constructed, assembled, compounded, configured, tested or failed to test, inspected or failed to inspect, packaged, labeled, marketed, advertised, promoted, distributed, serviced, and sold for consideration to members of the California public home water filtration system components including the Tank and the Plug.

10. Prior to March 23, 2017, defendant sold the Plug, Tank, and related parts for consideration, such that they came under the use and control of plaintiff Eric Olson in his home.

11. At all relevant times, the Plug's, Tank's, and related parts' condition was substantially the same as when it left the possession of defendant and any changes made to said components were reasonably foreseeable to defendant.

12. At all relevant times, the Plug, Tank, and related parts were being used for the purpose for which defendant designed, manufactured, fabricated, constructed, assembled, compounded, configured, tested or failed to test, inspected or failed to inspect, packaged, labeled, marketed, advertised, promoted, distributed, serviced, sold, and intended it to be used.

13. At all relevant times, the Plug, Tank, and related parts were being used in a manner and form that was reasonably foreseeable to defendant.

14. At all relevant times, defendant knew and intended that plaintiff would operate a home water filtration system that included and relied on the Plug and related parts under normal working conditions.

/ / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
COMPLAINT FOR DAMAGES

15. At all relevant times, defendant knew that the Plug, Tank, and related parts were to be used without further analysis, testing, or inspection for defects by consumers, end users, and interested members of the California general public, including but not limited to plaintiff.

16. At the time of the Incident, the design of the Plug, Tank, and related parts were deficient and defective insofar as, under normal working conditions, they could malfunction and cause the Plug to be shot from the Tank, causing debilitating injuries such as the Incident. Said deficiency and defectiveness was a substantial factor in causing the Incident.

17. At all times herein mentioned, the Plug, Tank, and related parts did not meet the reasonable expectations of ordinary consumers, and did not perform as safely as an ordinary consumer would have expected.

18. At all times herein mentioned, the likelihood and severity of injuries caused by the defective Plug, Tank, and related parts outweighed any benefits of that design in light of, among other things: the gravity of the potential harm resulting from the use of said products; the likelihood that this harm would occur; the feasibility of an alternative safer design at the time of manufacture; the cost of an alternative design; and the disadvantages of an alternative design.

19. The deficient and defective design of the Plug, Tank, and related parts was a substantial factor in causing the Incident and plaintiff Eric Olson's injuries, as described herein.

20. By reason of the deficient and defective design of the Plug, Tank, and related parts and the resulting Incident, defendant herein is strictly liable in tort to plaintiff Eric Olson.

21. Said dangerous, defective, and deficient design was a substantial factor in causing plaintiff's injuries. Said injuries include, but are not limited to, the following: a lacerated right eyelid, a ruptured and collapsed globe of his right eye requiring surgical repair, a detached retina of the right eye, blindness in his right eye, and other injuries not presently diagnosed. Plaintiff is informed and believes, and on that basis alleges, that certain of said injuries will be permanent in nature, the extent of said permanent injuries being at this time unknown to plaintiff.

22. By reason of the premises, it became necessary for plaintiff to incur expenses for medical care and treatment, and for related costs ancillary to the care and treatment of his injuries; plaintiff's damages in this respect are presently unascertained as said services are still continuing,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

4
COMPLAINT FOR DAMAGES

and plaintiff prays leave to insert his elements of damage in this respect when the same are finally determined.

23. By reason of the premises, plaintiff has been unable at times to follow his regular employment, and his earning capacity has been diminished to his special damage in a presently unascertained sum as said loss is not yet fully determined. Plaintiff prays leave to amend this Complaint in this respect when these elements of damage are finally determined.

24. By reason of premises, plaintiff has sustained special (economic) damages in a sum in excess of the minimum jurisdictional limits of this Court.

25. By reason of premises, plaintiff has sustained general (non-economic) damages in a sum in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, plaintiff prays judgment against the defendant as hereinafter set forth.

## SECOND CAUSE OF ACTION
### [Strict Liability—Manufacturing Defect]

Plaintiff incorporates by reference each of the allegations set forth above and makes them part of this Second Cause of Action.

26. At all times herein mentioned, including when they left the defendant's possession, the Plug, Tank, and related parts contained a manufacturing defect such that they differed from defendant's design and specifications, and differed from other typical units of defendant's same line of products.

27. The Plug's, Tank's, and related parts' manufacturing defect was hidden and could not reasonably be detected by end users including but not limited to Eric Olson.

28. At all relevant times, Eric Olson was using the Plug, Tank, and related parts in a manner and form reasonably foreseeable to the defendant.

29. Said manufacturing defect was a substantial factor in causing harm to plaintiff, as described above.

WHEREFORE, plaintiff prays for judgment against the defendant as hereinafter set forth.

/ / / /

/ / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
COMPLAINT FOR DAMAGES

### THIRD CAUSE OF ACTION
### [Strict Liability—Failure to Warn]

Plaintiff incorporates by reference each of the allegations set forth above and makes them part of this Third Cause of Action.

30. At all relevant times, the Plug, Tank, and related parts contained defects, described hereinabove, which created a risk that they would cause lacerations, ruptured globes of the eye, blindness, and other catastrophic injuries. These risks were known or knowable to defendant through the use of scientific knowledge then available.

31. At all times herein mentioned, said defects in the Plug, Tank, and related products presented a substantial danger of eye injuries, among many other types of serious injuries, to end users, including but not limited to Eric Olson.

32. At all times herein mentioned, the Plug's, Tank's, and related parts' potential risks were not reasonably recognizable to ordinary consumers when said products were used or misused in an intended or reasonably foreseeable way.

33. Defendant failed to provide sufficient instructions and warnings regarding the defects and risks associated with use of the Plug, Tank, and related parts.

34. Defendant failed to provide sufficient instructions and warnings to known purchasers, owners, and users of the Plug, Tank, and related parts, including Eric Olson.

35. Said lack of sufficient instructions and warnings was a substantial factor in causing harm to plaintiff, as described above.

WHEREFORE, plaintiff prays for judgment against the defendant as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### [Negligence—Product Liability]

Plaintiff incorporates by reference each of the allegations set forth above, and makes them part of this Fourth Cause of Action.

36. At all times relevant to the allegations made in this Complaint, defendant either knew, or in the exercise of reasonable care should have known, that the Plug, Tank, and related parts were products of such a nature that, if not properly designed, manufactured, tested,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

6
COMPLAINT FOR DAMAGES

inspected, distributed, packaged, advertised, promoted, sold, or recalled, were likely to and would cause injury to consumers, intended end users, and members of the general public, including without limitation plaintiff.

37. At all times relevant to the allegations made in this Complaint, defendant was negligent and careless in and about its design, manufacture, testing, inspection, distribution, packaging, advertising, construction, marketing, promotion, sale, and warnings with respect to the Plug, Tank, and related parts such that said products were defective and incapable of functioning in a safe manner for the purposes for which they were marketed and intended.

38. At no time did defendant make known to plaintiff Eric Olson the defective and dangerous character of the Plug, Tank, and related parts.

39. Said dangerous, defective, and deficient design was a substantial factor in causing plaintiff's injuries, as described above.

WHEREFORE, plaintiff prays for judgment against the defendant as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### [Negligence—Failure to Warn]

Plaintiff incorporates by reference each of the allegations set forth above, and makes them part of this Fifth Cause of Action.

40. At all times relevant to the allegations made in this Complaint, defendant either knew, or in the exercise of reasonable care should have known, that the Plug, Tank, and related parts were products of such a nature that, if not properly designed, manufactured, tested, inspected, distributed, packaged, advertised, promoted, sold, or recalled, were likely to and would cause injury to consumers, intended end users, and members of the general public, including without limitation plaintiff.

41. At all times relevant to the allegations made in this Complaint, defendant knew or reasonably should have known that users of the Plug, Tank, and related parts would not realize the danger posed by said products.

42. Defendant negligently and carelessly failed to adequately warn of the danger associated with said products, or instruct on the safe use of those products.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
COMPLAINT FOR DAMAGES

43. A reasonable manufacturer, in the same or similar circumstances as defendant, would have warned of the danger associated with the Plug, Tank, and related parts and/or instructed on the safe use of said equipment.

44. Said lack of sufficient instructions and warnings was a substantial factor in causing harm to plaintiff, as described above.

WHEREFORE, plaintiff prays for judgment against the defendant as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### [Breach of Warranty]

Plaintiff incorporates by reference each of the allegations set forth above, and makes them part of this Sixth Cause of Action.

45. At the time that defendant advertised and sold the Plug, Tank, and related parts, defendant warranted to users of those products, both expressly and impliedly, that they were of superior design and construction, free of any design and manufacturing defects, and would perform as advertised during anticipated use.

46. Defendant breached these express and implied warranties because the Plug, Tank, and related parts were in fact defectively designed and manufactured at the time that defendant sold them.

47. Defendant's breach of its express and implied warranties was a substantial factor in causing harm to plaintiff, as described above.

WHEREFORE, plaintiff prays for judgment against the defendant as hereinafter set forth.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8
COMPLAINT FOR DAMAGES

## PRAYER

WHEREFORE, plaintiff prays judgment against defendant as follows:

a. For general (non-economic) damages according to proof;

b. For special (economic) damages according to proof:

c. For prejudgment interest as permitted by law;

d. For costs of suit; and

e. For such other and further relief as the Court may deem proper.

Dated: July __6, 2017        WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
SPENCER J. PAHLKE
Attorneys for Plaintiff
Eric Olson

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9
COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: July 6, 2017                    WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
SPENCER J. PAHLKE
Attorneys for Plaintiff
Eric Olson

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210